IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABBIDULA RANDLE-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-cv-6607 |
| ) | |
| CITY OF CHICAGO, CHICAGO POLICE ) | |
| OFFICERS JAEHO JUNG Star # 13387, ) | |
| and JEFFREY FRAHM, Star # 5904, ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, ABBIDULA RANDLE-EL, through one of his attorneys, Jared S. Kosoglad, Blake Horwitz Law Firm, and complaining of the defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS JAEHO JUNG, Star # 13387, and JEFFREY FRAHM, Star # 5904, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., §§ 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Cook County, Illinois.

4. Defendants JAEHO JUNG, Star # 13387, and JEFFREY FRAHM, Star # 5904, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6. The night of December 13, 2011, Plaintiff Abbidula Randle-El was in the vicinity of 7859 S. Essex Avenue, Chicago, Illinois.

7. At the above date and time, Defendants, without reasonable suspicion or any other lawful basis, seized the Plaintiff.

8. At the above date and time, Defendants, without probable cause or any other lawful basis, arrested the Plaintiff.

9. Defendants, knowing no reasonable suspicion, probable cause, or other legal basis existed for the arrest or prosecution of Plaintiff, caused false charges to be brought against Plaintiff.

10. Defendants caused Plaintiff to be charged with Solicitation and Distribution of cigarettes/tobacco from a sealed pack, 720 ILCS 5/8-1, Possession of drug

paraphernalia, 720 ILCS 600.0/3.5-A, and Possession of Methamphetamines, less than 5 grams, 720 ILCS 646.0/60-A.

11. The charges against Plaintiff were dismissed by nolle prosequi upon motion of the state, indicative of Plaintiff's innocence.

12. Defendants treated Plaintiff differently than others similarly situated, and the stop, arrest, prosecution, and conspiracy against the Plaintiff was motivated by a totally illegitimate animus towards him or in the alternative lacked any rational basis.

13. On December 13, 2011 and continuing to the filing of this Complaint, the defendants and others unknown made an agreement to violate the rights of plaintiff and took steps in furtherance thereof, including but not limited to the filing of false and incomplete police reports and charges.

14. As a direct and proximate result of the malicious actions of the coconspirators, Plaintiff was injured, including loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, anxiety, and emotional distress.

## Count I

### Section 1983 Fourth Amendment Violations —Illegal Search and Seizures

15. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

16. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by the Defendants, as detailed above, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

17. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count II

### Section 1983 Fourth Amendment Violations —False Imprisonment

20. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.
21. The actions of the individual defendants, described above, whereby defendants knowingly caused plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.
22. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against

Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count III

**42 U.S.C. Section 1983 - Conspiracy to Deprive Constitutional Rights**

23. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

24. As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

25. In this manner, the Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

26. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

27. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

29. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In

5

addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## Count IV

### 42 U.S.C. Section 1983 – Equal Protection Class of One

30. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

31. The joint action of the individual DEFENDANTS, in conspiring to cause the arrest, criminal prosecution and continued prosecution of the PLAINTIFF, violated the Equal Protection clause to the United States Constitution.

32. Defendants intentionally treated Plaintiff differently from others who are similarly situation.

33. Defendants singled Plaintiff out for false arrest, unlawful searches and seizures, and the other constitutional violations alleged herein.

34. Defendants had no rational basis for Plaintiff's different treatment, and/or Plaintiff was treated differently because of Defendants' totally illegitimate animus towards him.

35. The aforementioned actions of the individual DEFENDANTS were the direct and proximate cause of the constitutional violations and injuries set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the individual defendants. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the individual DEFENDANTS and whatever additional relief this Court deems equitable and just.

## Count V

### 745 ILCS 10/9-102

36. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.
37. Defendant City of Chicago is the employer of Defendant Officers.
38. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

## Count VI

### Malicious Prosecution — State Claim By Plaintiff

39. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.
40. By the actions detailed above, the individual defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.
41. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in

the employ of defendant City, and while acting within the scope of this employment.

42. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

ABBIDULA RANDLE-EL

\_\_\_/s Jared S. Kosoglad_____
One of Plaintiff's Attorneys

Jared S. Kosoglad
Blake Horwitz Law Firm
39 S. LaSalle Street, Suite 1515
Chicago, IL 60603
T: 312-676-2100
jared@jaredlaw.com