IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABBIDULA RANDLE-EL, | ) | |
| | ) | CASE NO. 13 C 6607 |
| Plaintiff, | ) | |
| | ) | JUDGE SHARON JOHNSON COLEMAN |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | MAGISTRATE JUDGE VALDEZ |
| OFFICERS JAEHO JUNG, Star #13387, and | ) | |
| JEFFREY FRAHM, Star #5904, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant, City of Chicago, by Stephen R. Patton, Corporation Counsel for the City of Chicago, and Officers Jaeho Jung and Jeffrey Frahm, by and through one of their attorneys, Jason Marx, Assistant Corporation Counsel (herein "Defendants"), file their Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand and state as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER**: Defendants admit Plaintiff brings this civil action seeking damages against Defendants for committing acts under color of law and allegedly depriving Plaintiff of rights secured by the Constitution and laws of the United States but deny any alleged misconduct and, therefore, deny the remaining allegations contained in this paragraph.

1

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER**: Defendants admit this Court has jurisdiction under the above listed sections.

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Cook County, Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

4. JAEHO JUNG, Star #13387, and JEFFREY FRAHM, Star #5094, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER**: Defendants admit Defendants Jung and Frahm were, at the time of this occurrence,

duly licensed Chicago Police Officers. Defendants admit Defendants Jung and

Frahm were acting within the course and scope of their employment and under color

of law. Defendants admit Defendants Jung and Frahm are being sued in their

individual capacities, but deny any alleged misconduct and, therefore, deny the

remaining allegations contained in this paragraph.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

## FACTS

  6.  The night of December 13, 2011, Plaintiff Abbidula Randle-El was in the vicinity of 7859 S. Essex Avenue, Chicago, Illinois.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

  7.  At the above date and time, Defendants, without reasonable suspicion or any other lawful basis, seized the Plaintiff.

**ANSWER**:  Defendants admit Plaintiff was seized at the above date and time but deny the remaining allegations contained in this paragraph.

  8.  At the above date and time, Defendants without probable cause or any other lawful basis, arrested the Plaintiff.

**ANSWER**:  Defendants admit Plaintiff was arrested at the above date and time but deny the remaining allegations contained in this paragraph.

  9.  Defendants, knowing no reasonable suspicion, probable cause, or other legal basis existed for the arrest or prosecution of Plaintiff, caused false charges to be brought against Plaintiff.

**ANSWER**:  Defendants deny the allegations contained in this paragraph.

  10.  Defendants caused Plaintiff to be charged with Solicitation and Distribution of cigarettes/tobacco from a sealed pack, 720 ILCS 5/8-1, Possession of drug paraphernalia, 720 ILCS 600.0/3.5-A, and Possession of Methamphetamines, less than 5 grams, 720 ILCS 646.0/60-A.

**ANSWER**:  Defendants admit Plaintiff was charged with Solicitation/Distribution of Cigarettes/Tobacco from a Sealed Pack in violation of 720 ILCS 5.0/8-4, Possession of Drug Paraphernalia in violation of 720 ILCS 600.0/3.5-A, and Possession of a Controlled Substance/Methamphetamine in violation of 720 ILCS 646/60-A, but deny the remaining allegations contained in this paragraph.

3

11. The charges against Plaintiff were dismissed by nolle prosequi upon motion of the state, indicative of Plaintiff's innocence.

**ANSWER**: Defendants admit Plaintiff's charges were nolle prosed upon motion by the State, but deny the remaining allegations contained in this paragraph.

12. Defendants treated Plaintiff differently than others similarly situated, and the stop, arrest, prosecution, and conspiracy against the Plaintiff was motivated by a totally illegitimate animus towards him or in the alternative lacked any rational basis.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

13. On December 13, 2011 and continuing to the filling of this Complaint, the defendants and others unknown made an agreement to violate the rights of plaintiff and took steps in furtherance thereof, including but not limited to the filing of false and incomplete police reports and charges.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

14. As a direct and proximate result of the malicious actions of the coconspirators, Plaintiff was injured, including loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, anxiety, and emotional distress.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## Count I
## Section 1983 Fourth Amendment Violations – Illegal Search and Seizures

15. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

**ANSWER**: Defendants restate their answer to the above paragraphs as their answer to this paragraph as if fully set forth herein.

16. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by the Defendants, as detailed above, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States an 42 U.S.C. § 1983.

**ANSWER**: Defendants admit Plaintiff was seized and searched but deny the alleged misconduct

and, therefore, deny the remaining allegations contained in this paragraph.

17. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

**ANSWER**: Defendants deny the above alleged misconduct and, therefore, deny the allegations contained in this paragraph.

### Count II
### Section 1983 Fourth Amendment Violations - False Imprisonment

20. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

**ANSWER**: Defendants restate their answer to the above paragraphs as their answer to this paragraph as if fully set forth herein.

21. The actions of the individual defendants, described above, whereby defendants knowingly caused plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

**ANSWER**: Defendants admit Plaintiff was arrested but deny they engaged in the alleged misconduct and, therefore, deny the remaining allegations contained in this paragraph.

22. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## Count III
## 42 U.S.C. Section 1983 - Conspiracy to Deprive Constitutional Rights

23. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

**ANSWER**: Defendants restate their answer to the above paragraphs as their answer to this paragraph as if fully set forth herein.

24. As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

25. In this manner, the Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

26. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**: Defendants deny they engaged in a conspiracy and, therefore, deny the allegations contained in this paragraph.

27. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

**ANSWER**: Defendants deny they engaged in the alleged conspiracy and, therefore, deny the allegations contained in this paragraph.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

**ANSWER**: Defendants deny they engaged in the alleged misconduct and, therefore, deny the

allegations contained in this paragraph.

29. As a proximate result of the above detailed actions of Defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

**ANSWER**: Defendants deny they engaged in the alleged misconduct and, therefore, deny the allegations contained in this paragraph.

## Count IV
### 42 U.S.C Section 1983 - Equal Protection Class of One

30. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

**ANSWER**: Defendants restate their answer to the above paragraphs as their answer to this paragraph as if fully set forth herein.

31. The joint action of the individual Defendants, in conspiring to cause the arrest, criminal prosecution and continued prosecution of Plaintiff, violated the Equal Protection clause to the United States Constitution.

**ANSWER**: Defendants deny they engaged in the alleged conspiracy and, therefore, deny the allegations contained in this paragraph.

32. Defendants intentionally treated Plaintiff differently from others who are similarly situation.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

33. Defendants singled Plaintiff out for false arrest, unlawful searches and seizures, and other constitutional violations alleged herein.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

34. Defendants had no rational basis for Plaintiff's different treatment, and/or Plaintiff was treated differently because of Defendants' totally illegitimate animus towards him.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

35. The aforementioned actions of the individual Defendants were the direct and proximate cause of the constitutional violations and injuries set forth above.

**ANSWER**: Defendants deny they engaged in the alleged misconduct and, therefore, deny the allegations contained in this paragraph.

### Count V
### 745 ILCS 10/9-102

36. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

**ANSWER**: Defendants restate their answer to the above paragraphs as their answer to this paragraph as if fully set forth herein.

37. Defendant City of Chicago is the employer of Defendant Officers.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

38. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER**: Defendants admit Defendants Jung and Frahm were acting within the scope of their employment and under color of law but deny the alleged misconduct and, therefore, deny the remaining allegations contained in this paragraph.

### Count VI
### Malicious Prosecution - State Claim by Plaintiff

39. Plaintiff re-alleges each of the above paragraphs as if fully set forth here.

**ANSWER**: Defendants restate their answer to the above paragraphs as their answer to this paragraph as if fully set forth herein.

40. By the actions detailed above, the individual Defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they know there was no probable cause.

**ANSWER**: This Count is currently subject to Defendants' 12(b)(6) Motion to Dismiss Count VI of Plaintiff 's Complaint.

41. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officer performed the actions complained of while on duty and in the employ of Defendant City, and while acting within the scope of this employment.

**ANSWER**: This Count is currently subject to Defendants' 12(b)(6) Motion to Dismiss Count VI of Plaintiff 's Complaint.

42. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER**: This Count is currently subject to Defendants' 12(b)(6) Motion to Dismiss Count VI of Plaintiff 's Complaint.

**WHEREFORE,** Defendants pray this Honorable Court grant judgment in their favor and against Plaintiff on all counts of Plaintiff's Complaint, award attorney's fees and costs as allowed under the law, and for such further relief this court deems just.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established

9

law and information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as to Plaintiff's federal claims.

2. Plaintiff has a duty to mitigate his damages and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

3. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. See Poole v. City of Rolling Meadows, 167 Ill.2d 41 (Ill. 1995).

4. The City is not liable to the Plaintiff for any federal claims for which its employees or agents are not liable to the Plaintiff. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

5. The City of Chicago is not liable for punitive damages under either 42 U.S.C. § 1983 or state law. See City of Newport v. Facts Concerts, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102.

6. The City of Chicago cannot be found liable solely based on the theory of Respondeat Superior.

**JURY DEMAND**

Defendants demand a jury trial for all issues so triable.

Respectfully submitted,

/S/  Jason Marx
JASON MARX
Assistant Corporation Counsel

City of Chicago-Dept. of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8364
ATTY. NO. 6279266